UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    MARK FEE,　　　　　　　　　　　　　　　　　Case No. 05-23562-dob
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding
              Debtor.　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING DEBTOR'S MOTION FOR ORDER DETERMINING THAT
DEBTOR'S MARITIME WORKERS' COMPENSATION CLAIM IS EXEMPT

    This matter has come before the Court upon the amendment of the Debtor's Schedules and Statement of Financial Affairs and the objections to those amendments by Inland Lakes Management, Inc. ("ILM"). This Opinion supplements the Court's findings and conclusions given orally at a hearing held on January 3, 2008. ILM is not a creditor in this bankruptcy estate, but is a Defendant in an action brought by the Debtor in the United States District Court for the Eastern District of Michigan, Northern Division. The Debtor's claims against the Defendant are based upon 46 U.S.C. § 30104, formerly 46 U.S.C. § 688, commonly known as the Jones Act. For purposes of the matters before the Court, ILM is considered to be a party in interest.

    The Debtor filed his Chapter 13 Petition on August 3, 2005, and listed in Schedule B a Maritime Workers' Compensation claim valued at $15,000. The Debtor also claimed in Schedule C an exemption of this Maritime Workers' Compensation claim in the amount of $15,000 under M.C.L.A. § 600.5451. As subsequently discovered, the Debtor was employed as a seaman with ILM and allegedly suffered injuries during the scope of his employment. Because of the unique nature of the maritime industry, the Debtor has the right to claim damages for loss of income, personal injury, emotional injury, and other assorted economic and non-economic damages. This contrasts with the traditional claims of an employee in Michigan, which are limited, absent special circumstances, to

1

damages for loss of wage earning capacity.

The Debtor's Jones Act claim was initially filed in the Southern Division but subsequently transferred to the Northern Division of the District Court for the Eastern District of Michigan. The Debtor's bankruptcy was handled in a routine manner, and the Debtor's Chapter 13 Plan was confirmed on December 23, 2005. From the testimony of Trustee McDonald at the December 3, 2007, hearing, as well as from arguments of counsel, it is clear that the Bankruptcy Trustee only understood that the Debtor had a Maritime Workers' Compensation claim and that ILM was not aware of the Debtor's Chapter 13 bankruptcy. ILM, through counsel, did not learn of the Chapter 13 proceeding of the Debtor until facilitation of the Jones Act claim in the District Court. Subsequently, counsel for ILM informed Trustee McDonald of the Jones Act claim of the Debtor. On June 5, 2007, the Debtor amended his Schedules and Statement of Financial Affairs to more fully identify and disclose his claims against ILM as being a Jones Act claim valued at $200,000. In Schedule C, the Debtor likewise claimed as exempt the entire $200,000 amount under M.C.L.A. § 600.5451.

## ANALYSIS

By agreement of the parties, the judicial estoppel arguments raised in ILM's pleadings and the Debtor's response to those arguments are not before this Court. The only issues before this Court are whether Debtor is allowed to amend his Schedules and Statement of Financial Affairs and whether the amendment to Schedule C of an exemption in the Jones Act claim fits within M.C.L.A. § 600.5451. The Court concludes that the answer to the first issue is in the affirmative; the second is in the negative.

Bankruptcy debtors are routinely allowed to amend their schedules and statement of financial affairs to reflect the changes in facts and circumstances as they become known to the debtor and

debtor's counsel. Fed. R. Bankr. P. 1009(a); *In Re Lucius*, 741 F.2d 125 (6th Cir. 1984); *In Re Daniels*, 270 B.R. 417, 421 (Bankr. E.D. Mich. 2001). Otherwise, creditors, the bankruptcy trustee, and the Bankruptcy Court are left with an incomplete and inaccurate view and reporting of the assets, liabilities, and financial affairs of the debtor. This is especially true in a Chapter 13 proceeding, which by definition can last many years. To prohibit or discourage a debtor from amending schedules and statement of financial affairs would do an injustice to all involved in the bankruptcy process. *In Re Daniels*, 270 B.R. at 421.

Assuming that amendments to Schedules B and C are allowed, the next issue before this Court is whether the Debtor's claim of exemption under M.C.L.A. § 600.5451 of the $200,000 estimated Jones Act claim is valid. M.C.L.A. § 600.5451 states:

> Sec. 5451. (1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property:
>
>> (j) Money or other benefits paid, provided, or allowed to be paid, provided, or allowed, by a stock or mutual life, health, or casualty insurance company because of the disability due to injury or sickness of an insured person, whether the debt or liability of the insured person or beneficiary was incurred before or after the accrual of benefits under the insurance policy or contract, except that this exemption does not apply to actions to recover for necessities contracted for after the accrual of the benefits.

M.C.L.A. § 600.5451(1)(j) requires a finding of an insurance policy, as well as a determination that the Debtor is an insured person. The Court cannot find either element in this case.

The Court notes that the American Club Bylaws and Rules, copies of which were attached in part to both the Debtor's and ILM's pleadings, are the only documents that possibly fulfill the insurance policy requirement contemplated by M.C.L.A. § 600.5451(1)(j). For the reasons stated by District Judge Harvey in *Itrich v. Huron Cement Division of Nat'l Gypsum Co.*, 670 F. Supp. 199 (E.D. Mich. 1987), these Bylaws are only a contract between ILM and the American Steamship

3

Owners Mutual Protection and Indemnity Association, Inc. ("American"). As stated by Judge Harvey in *Itrich*:

> The contract between National American Steamships requires American Steamship to pay National only for damages National is liable for and actually pays. No promise was made by American Steamship directly to Plaintiff. The benefit to Plaintiff is only incidental.

*Id.* at 204.

The Court has independently reviewed the Bylaws and Rules in the instant case and can find no language compelling a different reading or result. Specifically, Article I, Section 1 identifies "Members" as a holder of a Certificate of Entry. Seaman, such as the Debtor, are not "Members" because seaman do not own or operate a vessel as defined by the Bylaws. This reading of the definition was confirmed by Debtor's counsel at the December 3, 2007, hearing. The Bylaws also state in Rule 1, Section 7 that no person other than the Member or loss payee shall acquire any rights against the Association. Rule 2 of the Bylaws, under "RISKS COVERED", states that a:

> Member of the Association shall be indemnified . . . against any loss, damage or expense which the Member shall become liable to pay and shall pay by reason of the fact that the Member is the owner (or operator, manager, charterer, mortgagee, trustee, receiver or agent, as the case may be) of the insured vessel, subject to the provision of these Rules . . . and which shall result from the following liabilities, risks, events, occurrences and expenditures . . . .

Section 1 of Rule 2, under "LOSS OF LIFE, INJURY AND ILLNESS",

> B. Liability for life salvage in respect of, or loss of life of, or personal injury to, or illness of, any seaman and hospital, medical or funeral expenses incurred in relation to such injury, illness or death.
>
> \* \* \* \*
>
> 2. For the purposes of this Rule 2, Section 1, B a seaman shall be defined as an employee of the Member . . . .

The Debtor did introduce the testimony of Howard Cohen, the attorney of record for the Debtor in the District Court action. Mr. Cohen, an experienced and knowledgeable maritime and admiralty law attorney, briefly testified about the Bylaws and Rules but his testimony was conclusory, with an obvious bias in favor of his client. Although of interest, Mr. Cohen's testimony does not compel the conclusion that the Bylaws and Rules are an insurance policy and that the Debtor is an insured person

Finally, there is no evidence before this Court that American is a licensed insurance company in Michigan or any other jurisdiction. The Court therefore concludes that American is not an insurance company under M.C.L.A. § 600.5451(1)(j), that the document between ILM and American is not an insurance policy as contemplated by M.C.L.A. § 600.5451(1)(j), and that the Debtor is not an "insured person" under M.C.L.A. § 600.5451(1)(j).

Since the Court concludes that the Debtor does have the right to amend his Schedules and Statement of Financial Affairs but that the claimed exemption of the Jones Act claim under M.C.L.A. § 600.5451 is improper, the Court need not address arguments of the bad faith of the Debtor as contemplated by the case of *In Re Rechis,* 339 B.R. 643 (Bankr. E.D. Mich. 2006) and *In Re Lucius*, 741 F.2d 125 (6th Cir. 1984). The Court does note, however, that to the extent that ILM has brought to attention a significant and substantial asset for administration, it would appear that ILM has the right to file an administrative claim for the attorneys fees, costs, and expenses of preserving this asset for the benefit of the estate. As ILM may deem appropriate, ILM shall have the right to file an administrative claim for these attorneys fees, costs, and expenses within thirty-five (35) days of the conclusion of the Jones Act case in the United States District Court, or on July 7, 2008, whichever date occurs first. Any objection to the claim of ILM must be filed within thirty-five (35) days thereafter.

The Court will enter an Order consistent with this Opinion.

**Signed on February 07, 2008**

               **/s/ Daniel S. Opperman**
              **Daniel S. Opperman**
              **United States Bankruptcy Judge**