UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    MARK FEE,                                    Case No. 05-23562-dob
                                                         Chapter 13 Proceeding
                  Debtor.                          Hon. Daniel S. Opperman
_____/

OPINION GRANTING IN PART AND DENYING IN PART
INLAND LAKES MANAGEMENT, INC.'S APPLICATION
FOR AN ADMINISTRATIVE EXPENSE CLAIM

On March 30, 2009, the Court conducted hearings on several pending motions in this case. After listening to arguments by counsel, the Court concluded that a determination on the application for an administrative expense claim filed by Inland Lakes Management, Inc. ("ILM") was required in order to provide the parties with a framework to engage in a reasoned analysis to decide whether certain matters should be withdrawn or pursued. The Court took this matter under advisement to review ILM's application, including the approximate 90 pages of invoices previously filed by counsel for ILM. For the reasons stated in this Opinion, the Court grants in part ILM's application for an administrative expense claim in the amount of $65,417.50 for legal fees it incurred and $815.33 for costs. The remaining balance of ILM's application is denied.

Background

The Debtor was employed as a seaman with ILM and allegedly suffered injuries during the scope of his employment. These injuries gave rise to a cause of action pursuant to 46 U.S.C. § 30104, formerly 46 U.S.C. § 688, commonly known as the Jones Act. Prior to the filing of his bankruptcy petition, the Debtor initiated his Jones Act action in the United States District Court for the Eastern District of Michigan.

Approximately four months later, on August 3, 2005, the Debtor filed a Chapter 13

1

bankruptcy petition with this Court. In his Schedule B, the Debtor disclosed that he possessed a "Maritime Worker's Compensation Claim" valued at $15,000. Likewise, the Debtor claimed an exemption of this "Worker's Compensation Claim" in his Schedule C. Beyond these disclosures, the Debtor did not provide any additional details about his "Maritime Worker's Compensation Claim" in his Statement of Financial Affairs.

The Debtor's Chapter 13 case and his Jones Act case continued on separate litigation courses. For an extended period of time, the Debtor was the only party who knew that these two cases were pending simultaneously. The record before the Court overwhelmingly indicates that neither ILM or its counsel had any knowledge of the Debtor's Chapter 13 case until facilitation began in the Debtor's Jones Act case. In addition, the record sufficiently indicates that the attorney representing the Debtor in his Jones Act litigation was unaware of the Debtor's Chapter 13 case until a few days prior to facilitation. Likewise, the Debtor's bankruptcy counsel at best was aware that there was a worker's compensation claim, but apparently did not understand or appreciate the exact nature of this claim.

In early May 2006, ILM learned of the Debtor's Chapter 13 case during facilitation when the Debtor let ILM know that he needed to speak with his bankruptcy counsel to make sure he could enter into a settlement with ILM. The Debtor's unexpected disclosure of his pending Chapter 13 case ended facilitation. Since this time, ILM has experienced some difficulty in its effort to balance two conflicting concepts.

On one hand, ILM sought dismissal of the Jones Act case. On the other hand, ILM sought to resolve all of its issues with the Debtor by notifying the Chapter 13 Trustee of its potential willingness to make a lump sum payment to the Chapter 13 estate in settlement of the Debtor's Jones Act case. This payment would result in the complete payment of all of the Debtor's unsecured claims, which total approximately $50,560. As a result, ILM found itself in

the United States District Court for the Eastern District of Michigan seeking dismissal of the Jones Act case and then later found itself in the Bankruptcy Court for the Eastern District of Michigan seeking guidance as to where payment, if any, should be directed.

Belatedly the Debtor sought to amend his schedules, which amendments were contested. After reviewing pleadings and conducting a hearing, this Court entered an Opinion and Order on February 7, 2008, addressing whether the Debtor could amend his Schedules to include the Jones Act claim and then exempt the Jones Act claim. As stated in its Opinion and Order, this Court determined that while the Debtor would be allowed to amend his Schedules, he could not exempt the Jones Act claim. The Court also determined that ILM should be allowed to file an application for an administrative claim since through its actions ILM preserved an asset (i.e., the Jones Act claim) for the benefit of the estate.

On March 30, 2009, the Court heard arguments regarding ILM's application for an administrative expense claim of $195,810. At the conclusion of this hearing, the Court took the matter under advisement to engage in the necessary analysis of ILM's request.

Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(a), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

Analysis

The basis for the Court's prior ruling that ILM be provided with the opportunity to file an application for an administrative expense claim was due to the steps taken by ILM to preserve an asset for the benefit of the Chapter 13 estate. The Court applies this standard to the application of ILM and has analyzed all of the entries on the invoices for legal services incurred by ILM that were filed by ILM in this case. The Court also applied other various factors it routinely applies

3

in its role as a reviewer of fee applications for attorneys employed by Chapter 7 trustees, Chapter 13 debtors, Chapter 11 debtors, and unsecured creditors' committees. Among other factors, this Court routinely denies fees and costs for services that are unnecessary to the estate, services which appear to be excessive, or where there is a duplication of effort by a number of attorneys. Additionally, if insufficient information is provided by an applicant, this Court routinely denies fees related to imprecise or incomplete entries.

Applying these standards to the instant case, the Court notes that a number of entries, generally running from May, 2006, through June, 2007, are directed to ILM's counsel's efforts seeking the dismissal of the Jones Act case by application of various legal principles, such as judicial estoppel. This Court recognizes and acknowledges that this litigation tactic is certainly appropriate and the foundation of many strategies used by defendants in civil actions. The legal services rendered in pursuit of these activities, however, are completely contrary to the preservation of an asset for the Chapter 13 estate. The actions of ILM in this regard, if successful, could have resulted in the dismissal of the Jones Act case with no benefit accruing to the Chapter 13 estate. Instead of preserving an asset of the Chapter 13 estate, ILM sought to destroy it. There is nothing wrong with this concept, but the Court will not award compensation or grant an administrative expense claim for these services.

Second, the Court has closely reviewed various entries beginning in May, 2007, and will award fees and costs for these services, but with a further limitation where it appears that the services were a duplication of effort. By way of example, on May 4, 2006, Ms. Capua and Ms. Humphrey both spent time reviewing a docket report. Likewise, on June 9, 2007, Ms. Capua and Ms. Humphrey each reviewed a motion and brief. In these instances, and others, the Court will allow compensation for the services of the attorney with the highest hourly rate or greater length of time spent on the service, but disallow recovery for services rendered by both attorneys.

4

The Court also limits recovery in those areas where an excessive amount of time was spent on a particular task. Most notably, it appears to this Court that the ILM's attorneys spent a considerable amount of time researching the law of exemptions. Most notably, counsel disclosed the following entries:

| Date | Atty | Description | Hours |
|---|---|---|---|
| 06/19/07 | GMC | DRAFTING OBJECTION TO MOTION RE: EXEMPTIONS. | 1.10 |
| 06/20/07 | GMC | DRAFTING OBJECTION TO EXEMPTION MOTION. | 6.20 |
| 06/21/07 | GMC | DRAFTING OF OBJECTION TO EXEMPTIONS. | 1.50 |
| 06/21/07 | KJH | REVIEW OBJECTION TO PLAINTIFF'S MOTION FOR EXEMPTION IN BANKRUPTCY COURT. | 3.00 |
| 06/22/07 | GMC | DRAFTING REVISIONS TO OBJECTION TO EXEMPTIONS | 1.50 |
| 06/22/07 | KJH | REVIEW DRAFT OPPOSITION FOR FILING IN BANKRUPTCY COURT. | 0.80 |
| 06/25/07 | GMC | DRAFTING OF REVISIONS TO BRIEF RE: EXEMPTIONS. | 1.80 |
| 06/25/07 | KJH | REVIEW AND REVISE OBJECTION TO PLAINTIFF'S MOTION (IN BANKRUPTCY COURT) SEEKING EXEMPTION; CONFERENCE WITH | 2.60 |
| 06/26/07 | KJH | REVIEW AND REVISE DRAFT OBJECTION TO BE FILED IN BANKRUPTCY COURT. | 0.60 |
| 09/05/07 | GMC | LEGAL RESEARCH RE: EXEMPTION ISSUES; DRAFTING OF BRIEF. | 4.30 |
| 09/06/07 | GMC | DRAFTING OF BRIEF FOR BANKRUPTCY COURT CASE. | 6.50 |
| 09/12/07 | GMC | DRAFTING OF TRIAL BRIEF; LEGAL RESEARCH RE: EXEMPTION CASES. | 5.20 |

As explained later in this Opinion, the Court does allow for the recovery of initial research regarding exemptions, but limits the recovery for the preparation of the objection to exemptions to 10 hours of time at the rate of $220 per hour.

The Court also will not allow compensation for certain routine or administrative acts such as described on June 28, 2008, which appears to be a review of a hearing notice. Moreover, some time entries such as those that appear on August 20, 2007, which reads: "CORRESPONDENCE WITH" and December 7, 2007, which reads: "TELEPHONE WITH" are incomplete because of redacted information. The Court respects applicant's desire to preserve the confidentiality of certain information, but the corresponding lack of information,

5

although certainly understandable in these circumstances, prevents this Court from awarding fees when it is not afforded a full opportunity to understand the basis for the fee request.

The Court does, however, allow services in connection with the initial analysis of ILM's counsel of exemptions and basic fundamental research regarding the Chapter 13 bankruptcy and the possible impact that the Debtor's bankruptcy case had on the Jones Act case. From this Court's perspective, ILM and its counsel should be allowed to receive compensation from the bankruptcy estate for these services since by conducting this investigation and research, ILM's counsel could appropriately advise its client to then enable ILM to make an informed decision as to its proper course of action. Further, had the Debtor disclosed this information initially in either his Chapter 13 case or to ILM's counsel at an earlier time in the Jones Act action, its counsel would not have had to devote time to this investigation. With these basic principles in mind, the Court now indicates the date and the hours allowed for the legal services and certain expenses identified in the invoices of ILM's counsel:

Ronald L. Rose (RLR)

05/12/06   RLR        0.50

Kathryn J. Humphrey (KJH)

05/04/06   KJH        1.10
05/05/06   KJH        2.20
05/11/06   KJH        0.40
06/20/06   KJH        2.90
06/21/06   KJH        0.90
06/22/06   KJH        0.50
06/30/06   KJH        0.70
06/14/07   KJH        1.70
06/28/07   KJH        0.40
06/29/07   KJH        0.40
07/06/07   KJH        0.40
07/08/07   KJH        1.50
07/09/07   KJH        3.50
07/10/07   KJH        2.80

6

| Date | Initials | Hours |
|---|---|---|
| 07/11/07 | KJH | 2.00 |
| 07/13/07 | KJH | 1.30 |
| 07/17/07 | KJH | 0.20 |
| 08/16/07 | KJH | 2.20 |
| 08/17/07 | KJH | 7.70 |
| 08/29/07 | KJH | 0.40 |
| 09/09/07 | KJH | 2.50 |
| 09/10/07 | KJH | 0.50 |
| 09/13/07 | KJH | 2.00 |
| 09/14/07 | KJH | 0.50 |
| 09/24/07 | KJH | 4.80 |
| 09/27/07 | KJH | 0.80 |
| 10/05/07 | KJH | 2.20 |
| 10/15/07 | KJH | 0.40 |
| 10/18/07 | KJH | 0.80 |
| 10/19/07 | KJH | 2.70 |
| 10/23/07 | KJH | 1.20 |
| 10/24/07 | KJH | 0.20 |
| 11/26/07 | KJH | 1.20 |
| 11/30/07 | KJH | 1.00 |
| 12/01/07 | KJH | 6.20 |
| 12/02/07 | KJH | 3.80 |
| 12/03/07 | KJH | 8.00 |
| 12/14/07 | KJH | 3.50 |
| 12/27/07 | KJH | 3.10 |
| 12/28/07 | KJH | 4.30 |
| 01/03/08 | KJH | 3.80 |
| 05/13/08 | KJH | 1.70 |
| 05/15/08 | KJH | 0.80 |

<u>Gina M. Capua (GMC)</u>

| Date | Initials | Hours |
|---|---|---|
| 05/12/06 | GMC | 0.50 |
| 06/19/06 | GMC | 0.40 |
| 06/21/06 | GMC | 0.40 |
| 06/22/06 | GMC | 0.50 |
| 06/29/06 | GMC | 4.40 |
| 07/12/06 | GMC | 0.80 |
| 07/13/06 | GMC | 2.20 |
| 07/23/06 | GMC | 1.00 |
| 07/26/06 | GMC | 2.20 |
| 07/27/06 | GMC | 1.40 |
| 08/01/06 | GMC | 1.00 |
| 08/02/06 | GMC | 3.30 |
| 08/03/06 | GMC | 5.00 |
| 09/15/06 | GMC | 3.60 |
| 06/05/07 | GMC | 0.90 |

7

| Date | Initials | Hours |
|---|---|---|
| 06/07/07 | GMC | 0.90 |
| 06/12/07 | GMC | 2.30 |
| 06/13/07 | GMC | 2.70 |
| 06/18/07 | GMC | 0.70 |
| 06/26/07 | GMC | 4.10 |
| 07/06/07 | GMC | 1.10 |
| 07/08/07 | GMC | 1.00 |
| 07/10/07 | GMC | 2.80 |
| 07/11/07 | GMC | 1.30 |
| 07/13/07 | GMC | 0.30 |
| 08/07/07 | GMC | 0.20 |
| 08/08/07 | GMC | 0.30 |
| 08/16/07 | GMC | 0.80 |
| 08/20/07 | GMC | 4.30 |
| 08/29/07 | GMC | 3.80 |
| 09/10/07 | GMC | 4.70 |
| 09/11/07 | GMC | 2.80 |
| 09/14/07 | GMC | 1.00 |
| 09/17/07 | GMC | 0.20 |
| 09/21/07 | GMC | 0.20 |
| 09/24/07 | GMC | 4.00 |
| 09/26/07 | GMC | 1.00 |
| 10/01/07 | GMC | 0.20 |
| 10/02/07 | GMC | 0.30 |
| 10/05/07 | GMC | 1.00 |
| 10/08/07 | GMC | 0.70 |
| 10/17/07 | GMC | 3.20 |
| 10/18/07 | GMC | 2.00 |
| 10/19/07 | GMC | 1.10 |
| 10/21/07 | GMC | 0.30 |
| 10/24/07 | GMC | 0.30 |
| 11/27/07 | GMC | 0.50 |
| 12/13/07 | GMC | 2.50 |
| 01/04/08 | GMC | 0.20 |
| 01/07/08 | GMC | 0.50 |
| 04/03/08 | GMC | 0.80 |
| 04/30/08 | GMC | 0.80 |
| 05/28/08 | GMC | 0.30 |

Daniel J. Martin (DJM)

| Date | Initials | Hours |
|---|---|---|
| 05/12/06 | DJM | 4.30 |
| 06/26/06 | DJM | 0.20 |
| 07/06/06 | DJM | 1.80 |
| 09/21/06 | DJM | 1.40 |
| 06/07/07 | DJM | 0.20 |

Expense Disbursements

| Invoice Date | Amount |
|---|---|
| 06/21/06 | $ 4.00 |
| 08/16/07 | $ 61.83 |
| 09/13/07 | $ 9.73 |
| 11/16/07 | $ 53.64 |
| 12/07/07 | $ 16.50 |
| 01/10/08 | $644.27 |
| 02/28/08 | $ 25.36 |
| | $815.33 |

The Court's calculation of the hours for each individual attorney is as follows:

| | |
|---|---|
| Ronald L. Rose (RLR) | .5 x $470 = $ 235.00 |
| Kathryn J. Humphrey (KJH) | 89.2 x $430 = $38,356.00 |
| Gina M. Capua (GMC) | 82.8 x $275 = $22,770.00 |
| Daniel J. Martin (DJM) | 7.9 x $235 = $ 1,856.50 |
| | $63,217.50 |

The $2,200 allowed by the Court for the legal fees incurred by ILM for its counsel's work on the exemption issue, which includes a reduction by the Court as previously explained in this Opinion, must then be added to this figure. This results in a total amount for services rendered by ILM's counsel of $65,417.50.

Finally, the Court compares the amount of the administrative expense claim requested with the amount in issue, which appears to be approximately $200,000 (the reported amount the parties were willing to resolve this matter at facilitation) and the value to the bankruptcy estate. Ordinarily, the Court would not award an administrative claim of this high of an amount because it appears that the administrative claim exceeds the value to the bankruptcy estate and unsecured creditors. The circumstances in this case, however, are unique. The Debtor was less candid with and did not fully disclose his pending Jones Act case to the Chapter 13 Trustee or his creditors and, likewise, failed to disclose his Chapter 13 case to ILM or its counsel. There are cases where counsel are compensated for upholding the integrity of the judicial system. This is one of those

9

cases.

The Court will not, however, unduly punish the Debtor or inappropriately reward ILM for certain services. After an exhaustive analysis of ILM's application and its supporting documentation, the Court concludes that an award of fees and costs, as previously explained, not only compensates ILM for those fees and costs that it unnecessarily incurred, but also encourages parties, such as ILM, to take appropriate steps to preserve assets for the benefit of a Chapter 13 estate and its creditors. In addition, a basic and fundamental bankruptcy principle is reinforced — debtors, as well as litigants that possess certain knowledge, are expected to fully disclose, both initially and updated as necessary, the extent of their financial affairs. This is the preferred and only acceptable course of action.

## Conclusion

The Court requests that counsel for ILM submit an order consistent with this Opinion. The Court will also schedule a status conference to allow the parties, most notably, the Chapter 13 Trustee, an opportunity to review this Opinion and then determine the next course of action the parties wish to take in regard to the remaining matters heard on March 30, 2009.

**Signed on June 01, 2009**

                              **/s/ Daniel S. Opperman**
                              **Daniel S. Opperman**
                              **United States Bankruptcy Judge**