UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    MARK FEE,                                              Case No. 05-23562-dob
                                                                 Chapter 13 Proceeding
              Debtor.                            Hon. Daniel S. Opperman
_____/

### OPINION REGARDING INLAND LAKES MANAGEMENT'S MOTION FOR (I) DETERMINATION THAT CHAPTER 13 TRUSTEE HAS AUTHORITY TO COMPROMISE AND SETTLE LITIGATION AND (II) APPROVAL OF COMPROMISE OF THE DEBTOR'S JONES ACT CLAIM AGAINST INLAND LAKES MANAGEMENT

Procedural History and Facts

For the sake of brevity, the Court adopts previous Opinions issued in this matter. A short recital of certain relevant facts is warranted.

The Debtor filed a Petition seeking relief under Chapter 13 of Title 11 of the United States Code on August 3, 2005. On that date, the Debtor had a claim against his employer, Inland Lakes Management, Inc. ("ILM") based upon 46 U.S.C. § 30104, formerly 46 U.S.C. § 688, commonly known as the Jones Act. In his Schedule B, the Debtor listed a Maritime Workers' Compensation Claim with a value of $15,000 and exempted that claim in Schedule C, citing M.C.L. § 600.5451 as authority for the claimed exemption. Debtor's Plan was confirmed December 23, 2005.

The Debtor's Jones Act Lawsuit was ultimately facilitated and a settlement agreement was in the final stages of negotiation. At that time, ILM first learned of the Debtor's Chapter 13 Plan. Shortly thereafter, the Chapter 13 Trustee learned that the $15,000 Maritime Workers' Compensation Claim described in Schedules B and C was really a Jones Act Lawsuit with a value far in excess of $15,000.

1

The Debtor amended his Schedule B to list the Jones Act Lawsuit as property of the Debtor and to exempt that claim in Schedule C. The Court held in a bench Opinion on January 3, 2008, that the Debtor could amend Schedules B and C, but that the Jones Act Lawsuit was not exempt pursuant to M.C.L. § 600.5451. The Court issued a written Opinion on February 7, 2008, at the request of counsel.

On March 30, 2009, the Court heard arguments regarding the Application of ILM for Administrative Expenses, the Trustee's Application to Employ and Appoint Attorney for Specific Purpose, the Motion of ILM for a Determination that the Chapter 13 Trustee has Authority to Compromise and Settle Litigation and the Debtor's Post-Confirmation First Amended Plan. Since the Court and the parties agreed that a determination of the administrative claim of ILM was crucial to the other outstanding applications and motions, the Court addressed that issue first and issued its Opinion Granting in Part and Denying In Part Inland Lakes Management, Inc.'s Application for an Administrative Expense Claim on July 9, 2009. On August 31, 2009, the Court conducted a status conference. As a result of requests of the parties, the Court issues this Opinion to address issues deemed left unanswered by the parties.

## Analysis

On February 7, 2008, the Court allowed the Debtor to amend Schedule B to include the Jones Act Lawsuit, but disallowed the claimed exemption regarding the Jones Act Lawsuit. As a result, the Jones Act Lawsuit became property of the estate and subject to the administration of the Trustee. Although the Trustee, out of an abundance of caution, is understandably reluctant to move to reduce the Jones Act Lawsuit to money for the estate, he should do so at this time. First, the Jones Act Lawsuit, if properly disclosed when the Debtor filed his Petition, would have been included in the Trustee's analysis as a necessary source of funds to meet the best interest of creditors test. Stated

differently, creditors were entitled to a portion of the Jones Act Lawsuit proceeds because of its non-exempt status. Second, in his amended Plan, the Debtor acknowledges as much with his statement in Section One: "Debtor to pay all timely, filed and allowed unsecured creditors in full upon resolution of Jones Act Lawsuit." Third, the Court will not grant nunc pro tunc effect to an asset incorrectly listed and/or with an understated value in Schedule B because to do so would possibly encourage Debtors to initially not properly list their assets and then subsequently amend their schedules to include an asset and then argue that the late disclosed asset was vested to the Debtor. Such a result runs counter to the full disclosure requirements of the Bankruptcy Code and violates the best interest of creditors as required by 11 U.S.C. § 1325(a)(4).

Moreover, the result suggested by the Debtor runs against the language of his confirmed Plan, which is reiterated in his proposed amended Plan. In part, the Plan reads:

> 8. PROPERTY OF THE ESTATE AND DISPOSAL OF NON-EXEMPT PROPERTY
>
> Upon confirmation of the plan, all property of the estate shall vest in the assisted person, except for the future earnings of the assisted person which is property specifically devoted to the plan. Further, the assisted person may not dispose of any claimed non-exempt real or personal property without complying with applicable bankruptcy statute or rule.

Per this language, all non-exempt real or personal property must be disposed of in compliance with the applicable bankruptcy statute or rule. This includes the Jones Act Lawsuit, which this Court held to be non-exempt, and it is the Trustee who is to administer this asset, and who must seek approval of the Court to settle any disputes regarding such. The Court therefore holds the Trustee is to administer the Jones Act Lawsuit.

Assuming the Trustee decides to seek Court approval as suggested by ILM, the Court notes it is appropriate that the Trustee do so with counsel. The proposed arrangement detailed in the Trustee's Application to Employ appears acceptable, especially under these unique circumstances.

The Court will conduct a status conference by telephone on *Monday, October 19, 2009, at 11:00 a.m.* Counsel for ILM is directed to make the necessary arrangements and notify the Court and counsel.

**Signed on September 25, 2009**

                                                  **/s/ Daniel S. Opperman**
                                                  **Daniel S. Opperman**
                                                  **United States Bankruptcy Judge**